# IN THE UNITED STATES DISTRICT COUR
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARISSA VAZQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:14-cv-02767 |
| | § | |
| NASA ROAD | § | |
| COMMUNICATIONS LLC, | § | |
| and, JULIO G. TORRES, | § | A Jury is Demanded |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Marissa Vasquez, Plaintiff, brings this action against Nasa Road Communications, LLC, and Julio G. Torres under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. And Supp. III)("FLSA").  This is an individual action to recover unpaid overtime compensation, minimum wage, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

## PARTIES

1.  Plaintiff, Marissa Vasquez, was an "employee" of Defendants, as that term is defined by the FLSA.  During her employment with the Defendants, Plaintiff was individually and directly engaged in interstate commerce, and her

work was essential to Defendant's business.  Plaintiff resides in Harris County, Texas.

2. Defendant, Nasa Road Communications LLC, is a domestic limited liability corporation formed and existing under the laws of the State of Texas. Defendant operates a business in Harris County, Texas involved in the purchase and sale of cellular phones, accessories, and cellular phone plans.  Defendant owns and operates a location in Webster, Texas, as well as locations in Dickinson, League City, and Bacliff.  Defendant employed Plaintiff as a salesperson detailer cleaning cars, and also assigned various cleaning duties and other errands.  With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as Plaintiff was at all relevant times engaged in commerce or was part of an enterprise engaged in commerce as defined by 29 U.S.C. §§203(r) and (s).  The work of Defendant involves the actual movement of commerce in the sale of goods. Defendant accepted credit card transactions, purchased materials from commerce, and engaged the Plaintiff in the use of materials purchased in commerce. Defendant was Plaintiff's "employer" as defined in 29 U.S.C. § 203(d).

3. Defendant, Julio G. Torres, is an individual who is the managing member of Nasa Road Communications, LLC and served as the supervisor of the Plaintiff.  Defendant Torres is a resident of Harris County and at all times material hereto acted directly or indirectly in the interest of Defendant Nasa Road

Communications, LLC in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiffs work. Defendant Torres was the Plaintiff's employer as defined by 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in commerce, purchasing materials through commerce, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce through his use, sale, and stocking of materials purchased in interstate commerce. The Plaintiff's work was essential to Defendants' business.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

6. From April of 2013 through June 23, 2014, Defendants employed Plaintiff as a sales person and customer service representative. As a sales person

3

and customer service representative, Plaintiff was responsible for opening and closing the store, cleaning, taking payments from customers, activating phones, selling phone plans, phones and other equipment, and generally responsible for running the store in the absence of the owner.

7. Defendants sell phones and other equipment, and various other items related to phones and communication equipment. Defendants engage in commerce by selling phones and other equipment that has been in commerce. Defendants use various financial institutions, conduct business using credit cards, and conduct business through the Internet. Defendants maintain a presence and advertise on the Internet through Facebook, (www.facebook.com/pages/NASA-RD-communications/250689761716052), and utilize various databases to provide information on the phones and other equipment that Defendants buy and sell. Defendants also utilize the credit rating companies and conducts business through cell phones and email.

8. Plaintiff's schedule varies based on the business needs. Plaintiff typically worked Monday through Saturday 10:00 or 11:00 a.m. to 7:00 or 8:00. Plaintiff had Wednesday off and worked 12:00 p.m. to 4:00 p.m. every other Sunday. Plaintiff's hours would change depending upon what location she worked. Defendants have locations in Dickinson, League City, Webster, and Bacliff. Plaintiff routinely worked over forty hours per week. Plaintiff would

frequently be required to stay after being scheduled to be off work. Plaintiff would also frequently be required to come in early to open the store.

9. Plaintiff was paid $7.25 per hour and was given a 10 percent commission. Defendants did not regularly pay any commission. Defendants told Plaintiff that the overtime she earned was being paid to the Government for back taxes. Plaintiff did not receive overtime. By working overtime and not being paid properly, Defendants were not paying Plaintiff the minimum wage required by the FLSA.

10. During some or all of the workweeks of her tenure with the Defendants, Plaintiff worked in excess of 40 hours per week.

11. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

12. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

13. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

14. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

15. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

16. Plaintiff does not generally have access to Defendants' records and will provide additional detail after Defendants' have provided records or initial disclosures have been made, if necessary.

17. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

### FIRST CAUSE OF ACTION: VIOLATION OF THE

### FLSA MINIMUM WAGE PROVISIONS

18. Plaintiff incorporates all averments of fact into this First Cause of Action for violation of the FLSA minimum wage provision.

19. Defendants are obligated by law to pay Plaintiff at a rate of at least $7.25 per hour for each hour worked.

20. During one or more workweeks of her employment with Defendants, Defendants did not pay Plaintiff the minimum wage for each hour she worked.

21. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

22. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

23. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION: VIOLATION OF THE

### FLSA OVERTIME PROVISION

24. Plaintiff incorporates all averments of fact into this Second Cause of Action for violation of the FLSA overtime provision.

25. During one or more workweeks of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours.

26. Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

27. Defendants did not pay Plaintiff the overtime rate for hours worked over forty (40).

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

29. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

30. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands a trial by jury on all claims she has asserted in this Complaint.

## **PRAYER FOR RELIEF**

Marissa Vazquez, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants that their violations of the FLSA were willful;

2. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime at the proper rate;

3. Judgment against Defendants for an amount equal to the unpaid overtime compensation as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**
/s/ Thomas H. Padgett, Jr.
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID: 11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph: 800-634-8042
Ph: 512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**